CPK:ECW

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 01 2015 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

JUMAN GANESH,

Defendant.

- - - - - - - - - - - - - - - - - -X

COMPLAINT

(T. 18, U.S.C., §§ 371 & 2320(a))

15-1145M

EASTERN DISTRICT OF NEW YORK, SS:

RICHARD BRANDA, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

Upon information and belief, in or about and between 2009 and March 2014, within the Eastern District of New York and elsewhere, the defendant JUMAN GANESH, together with others, did knowingly and intentionally conspire to traffic in labels and packaging, knowing that a counterfeit mark had been applied thereto, the use of which was likely to cause confusion, to cause mistake, and to deceive, contrary to Title 18, United States Code, Section 2320(a)(2).

(Title 18, United States Code, Sections 371 & 2320(a)).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1 Because the purpose of this Affidavit is solely to set forth

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI") and have been so employed since 1998. Since becoming a Special Agent with HSI, I have participated in numerous investigations of trafficking in counterfeit counterfeit labels and packaging, a violation of Title 18, United States Code, Sections 2320(a)(2). I have conducted or participated in physical surveillance, the introduction of undercover agents and confidential informants, the execution of search warrants, debriefings of informants and other witnesses, and reviews of taped conversations, videos, and bank and other records. Through my training, education and experience, I have become familiar with the manner in which counterfeit goods and counterfeit labels and packaging are transported, stored, and sold, the methods of payments for such goods, and how the proceeds from the sale of counterfeit goods and counterfeit labels and packaging are maintained. The information in this affidavit is based upon knowledge gained from my own involvement in a joint investigation by HSI, the Federal Bureau of Investigation, the Food and Drug Administration Office of Criminal Investigation and the Nassau County District Attorney's Office ("NCDA") Investigations Squad, upon conversations with other law enforcement officers, and upon my review of records collected in the investigation.

2. On March 6, 2014, pursuant to search warrants issued a day earlier by the Honorable Judge Jerald S. Carter of New York State

---

probable cause as to the defendant, I have not set forth all facts concerning this investigation of which I am aware.

Supreme Court, Nassau County, NCDA investigators and other law enforcement officers searched the facilities of Glow Derma, Incorporated ("Glow Derma"), in Freeport and Oceanside, New York (collectively, the "Glow Derma facilities"), and the facilities of affiliated companies Best Price Traders NA, Inc. ("Best Price") and Universal Price, Incorporated ("Universal Price") in Oceanside, Valley Stream and Franklin Square, New York (collectively, the "Best Price & Universal Price facilities"). Investigators seized from both the Glow Derma facilities and the Best Price & Universal Price facilities seized hundreds of thousands of jars, some full and some empty, affixed with labels bearing counterfeit Vicks® Vaporub®[2] and Vaseline®[3] trademarks.

3. I am informed by Confidential Informant #1 ("CI #1") that, between approximately 2009 and March 2014, CI #1 engaged in sales by Glow Derma, to wholesale distributors in the Eastern District of New York and elsewhere, of substances purporting to be cough suppression ointment affixed with labels bearing counterfeit Vicks® Vaporub® trademarks, and substances purporting to be petroleum jelly

---

[2] "Vicks," registration number 4251567, is a word mark registered by the Procter and Gamble Corporation ("P&G") on the Principal Register of the United States Patent and Trademark Office ("USPTO"), in and for use with cough suppression ointment, among other products. "Vaporub," registration number 3449185, is a word mark registered by P&G on the Principal Register of the USPTO, in and for use with cough suppression ointment.

[3] "Vaseline," registration number 4248617, is a word mark registered by Conopco, Inc. (dba as "Unilever") on the Principal Register of the USPTO, in and for use with petroleum jelly.

affixed with labels bearing counterfeit Vaseline® trademarks.

4. CI #1 further informs me that, during the period from approximately 2009 through March 2014, CI #1 obtained these labels bearing counterfeit Vicks® Vaporub® and Vaseline® trademarks from the defendant JUMAN GANESH, who told CI #1 that he printed the labels himself. I am informed by P&G and Unilever officials, respectively, that neither CI #1 nor the defendant JUMAN GANESH had any permission, license, or authority to produce or distribute labels bearing Vaporub® and Vaseline® trademarks.

5. CI #1's information is corroborated by information I retrieved from his cellular telephone, including the defendant JUMAN GANESH's telephone number and a series of text messages relating to the production and delivery of the labels. In addition, CI #1 picked the defendant JUMAN GANESH out of a photographic line-up.

6. I am informed by Confidential Informant #2 ("CI #2") that, between approximately 2012 and 2013, CI #2 engaged in sales by Best Price & Universal Price, to wholesale distributors in the Eastern District of New York and elsewhere, of substances purporting to be cough suppression ointment affixed with labels bearing counterfeit Vicks® Vaporub® trademarks, and substances purporting to be petroleum jelly affixed with labels bearing counterfeit Vaseline® trademarks.

7. CI #2 further informs me that, during the period from approximately 2012 through 2013, CI #2 obtained these labels bearing counterfeit Vicks® Vaporub® and Vaseline® trademarks from the

4

defendant JUMAN GANESH, who told CI #2 that he printed the labels himself. I am informed by P&G and Unilever officials, respectively, that neither CI #2 nor the defendant JUMAN GANESH had any permission, license, or authority to produce or distribute labels bearing Vaporub® and Vaseline® trademarks.

       8.    CI #2 also picked the defendant JUMAN GANESH out of a photographic line-up.

5

WHEREFORE, your deponent respectfully requests that an arrest warrant issue for the defendant JUMAN GANESH, and that he be dealt with according to law.

_____
RICHARD BRANDA
Special Agent
Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
1 day of December, 2015

_____
THE HONORABLE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK